IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF IOWA

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | |
|---|---|
| SR CORPORATION d/b/a SIOUX RUBBER & URETHANE, an Iowa Corporation, : | Civ. 16-4135 |
| Plaintiff, : | |
| v. : | **COMPLAINT** |
| PREMIER COMPONENTS, INC., a Michigan Corporation; and RDF CONCEPTS, LLC, a Michigan Limited Liability Company, : | |
| : | |
| Defendants. | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Plaintiff, SR Corporation, doing business as Sioux Rubber & Urethane ("Sioux Rubber"), for its Complaint against Defendant Premier Components, Inc. ("Premier"), and Defendant RDF Concepts, LLC ("RDF"), states and alleges as follows:

## THE PARTIES

1. Sioux Rubber is a corporation organized and existing under the laws of Iowa, with its principal place of business in Sioux City, Iowa. Sioux Rubber designs, manufactures, and sells quality impact, corrosion, and abrasion-resistant products for use in mining, aggregate, agricultural, chemical, and manufacturing industries, including rubber and urethane linings and inserts.

2. Premier is a corporation organized and existing under the laws of Michigan, with its principal place of business in Alma, Michigan. Premier is engaged primarily in the distribution and manufacture of agricultural equipment, specifically mill and elevator accessories.

{02459416.1} 1

3.  RDF is a limited liability company organized and existing under the laws of Michigan with its principal place of business in Hastings, Michigan. RDF is engaged primarily in the design, programming, and installation of control systems for applications in food and beverage, composites/plastics, environmental, metal forming, agricultural, municipal, and industrial markets.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including, specifically, 35 U.S.C. § 271, and for trademark infringement, arising under the laws of the United States, in particular, the Lanham Act, codified at 15 U.S.C. §§ 1114 and 1125.

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b) as well as 15 U.S.C. § 1121.

6.  This Court has personal jurisdiction over Premier because it has conducted business in the State of Iowa, including purchasing products from Sioux Rubber.

7.  This Court has personal jurisdiction over RDF because it has conducted business in the State of Iowa, including shipping at least one infringing product into Iowa.

## FACTUAL ALLEGATIONS

8.  Sioux Rubber has designed, manufactured, and sold rubber and urethane products for over 30 years.

9.  Sioux Rubber designs, manufactures, and sells rubber and urethane products for multiple industries and applications. One of the functions of these products is to provide protection to underlying equipment parts and components from abrasion.

10. More specifically, Sioux Rubber manufactures and sells a patented urethane spout liner under the trademark "TUFF-TUBE®" ("TUFF-TUBE® Mark").

11. Sioux Rubber's "TUFF-TUBE®" Mark is registered with the United States Patent & Trademark Office as a standard character/word mark (registration number 3,404,051) for use on "rubber and urethane pipe liners for spouting used in the agricultural field for the transport of fertilizers and grain" in international class 17. A true and correct copy of Sioux Rubber's registration is attached as Exhibit A.

12. Over the past several years, Sioux Rubber has expended substantial time, effort, and money in advertising, promoting, and marketing its goods under the TUFF-TUBE® Mark. For example, Sioux Rubber promotes or has promoted its goods on its website and in print and online advertising, resulting in extensive valuable goodwill and widespread recognition of its goods.

13. The TUFF-TUBE® spout liner reduces the abrasion of grain, seed, and fertilizer handling on spouting conduit in agricultural equipment.

14. On January 4, 2011, United States Patent No. 7,861,743 ("'743 Patent"), entitled "Sacrificial Lining System," was duly and legally issued to Joseph J. Wren. A true and correct copy of the '743 Patent is attached as Exhibit B.

15. On October 28, 2016, the '743 Patent was duly assigned by Wren to Sioux Rubber. A true and correct copy of the assignment is attached as Exhibit C.

16. The '743 Patent claims a method for a sacrificial lining system for use in conduit systems. The claimed invention is easily installable and adaptable, with the added benefit that it

may be utilized in more than one orientation to provide a longer useful life by rotating the insert when wear becomes visible on the interior portion of the lining.

17. Sioux Rubber has enjoyed substantial success making and selling the lining systems covered by '743 Patent.

18. Sioux Rubber has provided constructive notice to Premier and RDF of the issuance of the '743 Patent by marking its TUFF-TUBE® products in conformance with 35 U.S.C. § 287.

19. In 2016, Sioux Rubber discovered that Defendants were infringing both the '743 Patent and Sioux Rubber's TUFF-TUBE® Mark by making and selling a liner system under the name "One Tuff." (*See* attached Exhibit D.)

20. On October 14, 2016, counsel for Sioux Rubber sent Premier a cease and desist letter, informing Premier that its use of the "One Tuff" mark was infringing upon the TUFF-TUBE® Mark and demanding that Premier cease and desist from all further use of the "One Tuff" mark. A true and correct copy of the October 14, 2016 cease and desist letter is attached as Exhibit E.

21. On November 2, 2016, counsel for Sioux Rubber sent Defendants a cease and desist letter, informing Defendants that they were liable for unlawful inducement of infringement under 35 U.S.C. § 271(b) by making and selling products used in a manner that infringe the '743 Patent. Sioux Rubber demanded that Defendants immediately cease and desist from using, making, marketing, and selling the "One Tuff" liner system. A true and correct copy of the November 2, 2016 cease and desist letter is attached as Exhibit F.

## COUNT 1: INFRINGEMENT OF THE '743 PATENT

22. Sioux Rubber restates all previous allegations and hereby incorporates them by reference.

23. Defendants manufacture and sell a liner system under the name "One Tuff." (*See* Exhibit D.)

24. Defendants have been and are infringing the '743 Patent by making, using, offering to sell, and/or selling their liner system in the United States.

25. Defendants have been and are actively inducing others, including, but not limited to their customers, to infringe the '743 Patent by making, offering to sell, and selling the "One Tuff" liner system with knowledge and intention that end users of the "One Tuff" products will use the products in a manner that infringe the '743 Patent.

26. Defendants were notified that they were liable for inducement of infringement per the November 2, 2016 cease and desist letter.

27. Despite the November 2, 2016 cease and desist letter, Defendants have continued to infringe and induce the infringement of the '743 Patent by making, using, offering to sell, and/or selling the "One Tuff" liner system.

28. Defendants' acts of infringement were undertaken without permission or license from Sioux Rubber.

29. Defendants have had constructive knowledge of the '743 Patent since 2011, and actual notice of its infringing conduct since at least early November 2016, when they received the cease and desist letter.

30. Defendants' continued manufacture, use, and sale of the "One Tuff" liners constitute ongoing willful and intentional infringement of the '743 Patent.

31. As a result of Defendants' infringement of the '743 Patent, Sioux Rubber has suffered and will continue to suffer monetary damages in an amount to be determined at trial.

32. Sioux Rubber has suffered and will continue to suffer irreparable harm because of Defendants' infringement of the '743 Patent unless Defendants are enjoined from infringing the '743 Patent.

### COUNT 2: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

33. Sioux Rubber restates all previous allegations and hereby incorporates them by reference.

34. Sioux Rubber's TUFF-TUBE® Mark is registered on the Principal Register under Registration Number 3,404,051 and is now incontestable under 15 U.S.C. § 1065.

35. Sioux Rubber has spent large sums of money in advertising and otherwise promoting its goods and has prominently featured its registered TUFF-TUBE® Mark in promotional activities.

36. Sioux Rubber has built-up and now has valuable goodwill connected with its registered TUFF-TUBE® Mark.

37. Long after registration of the TUFF-TUBE® Mark, Defendants began to provide and advertise goods in interstate commerce using the "One Tuff" mark with the intent to cause confusion and mistake and intent to deceive.

38. Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114), use in commerce of any copy or colorable imitation of a registered mark in connection with any goods or services which

is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of his or her goods or services constitutes trademark infringement.

39. Defendants' use of the "One Tuff" mark has created a likelihood of confusion.

40. Premier was informed that it was liable for trademark infringement per the October 14, 2016 cease and desist letter.

41. Premier has not formally responded or complied with Sioux Rubber's demands contained in that letter.

42. Defendants' infringement of Sioux Rubber's registered TUFF-TUBE® Mark has caused damages to Sioux Rubber in terms of lost profits, diversion of sales, and loss of goodwill.

43. Defendants' infringement of Sioux Rubber's TUFF-TUBE® Mark has resulted in benefits inuring to Defendants that would not have been realized but for the infringement.

44. Defendants' infringement of Sioux Rubber's registered TUFF-TUBE® Mark is causing irreparable harm to Sioux Rubber's business and goodwill and will continue to cause such irreparable harm if not enjoined.

**COUNT 3 – UNFAIR COMPETITION AND DECEPTIVE PRACTICES**

45. Sioux Rubber restates all previous allegations and hereby incorporates them by reference.

46. Defendants' conduct, including its use on the "One Tuff" mark, constitutes unfair competition and wrongful confusion of source under the Lanham Act and under equivalent provisions of state common law, including Iowa Code Chapter 507B.

47. Defendants seek to profit by infringing Sioux Rubber's TUFF-TUBE® Mark and are improperly trading upon Sioux Rubber's goodwill, which has developed over the course of many years through great effort, costs, and advertising.

48. Defendants' unfair competition and deceptive practices have caused and continue to cause damages to Sioux Rubber in terms of lost profits, diversion of sales, and loss of goodwill.

49. Defendants' unfair competition and deceptive practices have resulted in benefits inuring to Defendants which would not have been realized but for Defendants' improper conduct.

## PRAYER FOR RELIEF

WHEREFORE, Sioux Rubber respectfully requests the Court to enter judgment jointly and severally against Defendants as follows:

1. Declaring that Defendants have infringed and induced the infringement of the '743 Patent;

2. Awarding Sioux Rubber its lost profits and/or a reasonable royalty against Defendants in an amount to be proved at trial pursuant to 35 U.S.C. § 284, plus pre and post-judgment interest;

3. Finding Defendants' infringement of the '743 Patent to have been willful and awarding enhanced damages pursuant to 35 U.S.C. § 284;

4. Enjoining Defendants and their subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys, and all other persons in active concert or participation

with Defendants from making, using, selling, or offering to sell products that will be used in a manner that infringes the '743 Patent;

5. Declaring that Defendants have infringed Sioux Rubber's TUFF-TUBE® Mark under the Lanham Act;

6. Awarding all statutory and other damages to which Sioux Rubber is entitled as a result of Defendants' trademark infringement and unfair competition, including attorneys' fees, and any presumed or multiple damages as provided by statute or other applicable law;

7. Enjoining Defendants and their affiliates and representatives from further conduct likely to confuse consumers regarding the source quality, or characteristics of the parties' respective products, and in particular restraining Defendants from use of the "One Tuff" mark or any confusingly similar variation thereof;

8. Declaring that this action is an exceptional case under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding Sioux Rubber its costs, disbursements, and attorneys' fees; and

9. Awarding such other relief as this Court deems just and equitable under the circumstances.

Dated this 5th day of December, 2016.

                                             /s/ Jay E. Denne
                                            Jay E. Denne
                                            Munger, Reinschmidt, Denne, LLP
                                            600 4th Street, Suite 303
                                            PO Box 912
                                            Sioux City, IA 51102
                                            jaydenne@mrdlaw.net

        WOODS, FULLER, SHULTZ & SMITH P.C.

        Tim R. Shattuck
        Sander J. Morehead
        PO Box 5027
        300 South Phillips Avenue, Suite 300
        Sioux Falls, SD 57117-5027
        Phone (605) 336-3890
        Fax (605) 339-3357
        Email  Tim.Shattuck@woodsfuller.com
                Sander.Morehead@woodsfuller.com

        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

         /s/ Jay E. Denne
        One of the attorneys for the Plaintiff